Ford *v.* Circuit Court of Howard county.

FORD *v.* THE CIRCUIT COURT OF HOWARD COUNTY.

In criminal cases, except capital, where the fine, penalty or forfeiture, or any part' thereof, accrues to the county, the fees for the services of officers and witnesses, where the defendant is acquitted or proves insolvent, shall be paid out of the coun· · ty treasury.

## MANDAMUS to the Howard Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court:

At the last term of this Court, Ford applied to the Court for a conditional manda·· mus to the Circuit Court, to audit and allow certain fees to him accrued for services rendered for and on behalf of one Hinch, who was indicted for perjury, and who was convicted in the Circuit Court, but the judgment was reversed. The Circuit Court made a return to the mandamus, which is as follows in substance: That these fees were those which had accrued against Hinch by reason of services rendered by the Sheriff for and on behalf of Hinch, and agreeably to the provisions of 30th sec-- tion of the act of the General Assembly on the subject of fees. The Court considered that said section would not authorize the payment of the defendant's costs out of the county treasury. On this return the plaintiff's counsel moved the Court for a peremptory mandamus.

In considering this point we will notice some of the reasons urged by the Attor-- ney General. It is contended by him that the 30th section of the said act only intends to point out those cases in which the State should pay costs, and those cases in which the county should pay. It is contended by Mr. Givens, for the plaintiff, (226) that the true construction of this section is, that where the defendant is ac- quitted, the county shall pay all the costs both of the prosecution and of the defend- ant. The Court is unanimously of the opinion that this is the true construction of he act. The words of the law are: " That in all criminal cases other than capital, and in all cases where the fine, penalty or forfeiture, or any part thereof, on convic- tion would accrue to any county, the fees of officers and witnesses concerned therein shall be allowed and paid out of the county treasury, if the defendant be acquitted, or where the defendant or his estate is insolvent; and in all capital cases, where the· ·

---

fine, &c., on conviction would accrue to the State, the fees in case of acquittal or. insolvency of the defendant, shall be paid by the State."

Take the case before us and apply this law to it, and it will readily be seen how the matter stands. The law says where the defendant is acquitted, the fees of the officers and witnesses concerned shall be paid out of the county treasury. Here the defendant was acquitted. Then his case is within the very words of the law. But the counsel for the State contends that the expressions in the statute, the fees of officers and witnesses concerned shall be paid out of the county treasury, only means those fees that may be due to the officers for the services rendered to the State, and the fees due the witnesses for the State, and not those of the defendant. The fees of officers and witnesses concerned are the expressions; a witness for the defendant is a witness concerned as much as a witness for the State is. The meaning to us is most clear and obvious.

The peremptory mandamus must go.